Priority ✓
Send ✓
Enter ✓
Closed ✓
JS-5/JS-6 ✓
JS-2/JS-3
Scan Only



FILED
CLERK, U.S. DISTRICT COURT

JAN 14 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

DEXTER S.C. FARLOUGH,               ) Case No. CV 07-04649-GPS (SH)
                Petitioner,          ) MEMORANDUM AND ORDER
                                     ) DISMISSING PETITION FOR
                                     ) WRIT OF HABEAS CORPUS
    v.                               )
                                     )
NICHOLAS DAWSON,                     )
                Respondent.          )
_____)

On July 13, 2007, pro se petitioner, in state custody, filed a Petition for Writ
of Habeas Corpus by a Person in State Custody ("Petition"). Petitioner challenges
his 2003 conviction in the Superior Court of California, Los Angeles County (Case
No. LAV3PN04231). As best the Court can glean from the allegations in the
Petition, petitioner is alleging the following claims: (1) Petitioner was denied the
right to counsel on appeal; (2) Petitioner was denied the right to a fair trial based
on various acts of prosecutorial misconduct; (3) Petitioner was constructively

1

1 denied counsel on appeal; (4) Petitioner was improperly denied a direct appeal; and
2 (5) The trial court failed to declare a mistrial, and the verdict was against the weight
3 of the evidence. (Petition at 5-6, Attachment at 1-11).

4       As a matter of comity, a federal court will not entertain a habeas corpus
5 petition unless the petitioner has exhausted the available state judicial remedies on
6 every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102
7 S.Ct. 1198, 71 L.Ed.2d 179 (1982). The habeas statute now explicitly provides that
8 a habeas petition brought by a person in state custody "shall not be granted unless
9 it appears that-- (A) the applicant has exhausted the remedies available in the courts
10 of the State; or (B)(i) there is an absence of available State corrective process; or
11 (ii) circumstances exist that render such process ineffective to protect the rights of
12 the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement
13 is to be waived, it must be waived expressly by the State, through counsel. See 28
14 U.S.C. § 2254(b)(3).

15       Exhaustion requires that the prisoner's contentions be fairly presented to the
16 state courts, and be disposed of on the merits by the highest court of the state. See
17 James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994);
18 Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly
19 presented unless the prisoner has described in the state court proceedings both the
20 operative facts and the federal legal theory on which his claim is based. See
21 Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995);
22 Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971);
23 Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

24       Here, petitioner has failed to allege in the Petition that the claims raised in
25 the Petition were presented to the California Supreme Court. Indeed, petitioner
26 admits he did not present the claims raised in the Petition to the California Supreme
27 Court. ( See Petition at 3, 5-7). Thus, petitioner has never presented to the
28 California Supreme Court the claims being alleged in the Petition herein. It appears

2

1    conclusively from the face of the Petition that the claims alleged in the Petition are
2    unexhausted.

3         Accordingly, the claims alleged in the Petition are unexhausted and the
4    Petition is properly dismissed without prejudice.

5         ACCORDINGLY, IT IS ORDERED that the Petition be dismissed without
6    prejudice to refiling after exhaustion of state remedies.[1]

7    DATED: _____

8

9

10   _____

11   GEORGE P. SCHIAVELLI
     UNITED STATES DISTRICT JUDGE

12

13   Presented by:
14   Date _____

15

16   _____

17   STEPHEN J. HILLMAN
     UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26   _____

27   [1]    This dismissal does not relieve petitioner from complying with the one-year
     statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by the
28   Antiterrorism and Effective Death Penalty Act of 1996, with respect to any future
     habeas petitions filed in this Court.